# Fidelity National Law Group
711 3rd Avenue, 8th Floor
New York, New York 10117

**Joyce A. Davis, Esq.**
**Vice President, Senior Litigation Counsel**
Telephone: (646) 432-8590
Facsimile: (212) 594-8378
E-mail: joyce.davis@fnf.com

May 10, 2021

**<u>VIA ECF and EMAIL</u>**
Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-9014

  Re: Edward Murphy v. Commonwealth Land Title Insurance Company,
     et al., 2:20-cv-02793-GRB-ST

Dear Judge Tiscione:

  I am an attorney with Fidelity National Law Group, counsel for defendants Commonwealth Land Title Insurance Company ("Commonwealth") and Fidelity National Financial, Inc. ("FNF") in the above-entitled matter. This letter motion is respectfully written to seek (1) an order of protection with respect to certain Phase 1 discovery demands propounded by plaintiff Edward Murphy ("Murphy") which seek irrelevant and proprietary information and (2) an order compelling Murphy to produce the Phase 1 discovery requested by Defendants pertaining to Murphy's allegation that, as a result of Defendants' conduct, he incurred actual and consequential damages.

## INTRODUCTION

  This matter arises from a policy of title insurance issued by Commonwealth to Murphy in connection with his purchase of property located at 1492 Millstone Road, Sag Harbor, New York (the "Property") and his subsequent default in repaying a purchase money mortgage encumbering that Property (the "Mortgage"). Murphy essentially alleges that Commonwealth and its parent corporation FNF, an independent holding company, are somehow liable for Murphy's dispossession from the Property after it was sold in foreclosure to the Mortgage lender (the "Lender") and then sold by that Lender to non-party Paul Luciano ("Luciano"), a bona fide purchaser.

## FACTUAL BACKGROUND

**<u>The Foreclosure Action and Property Sale</u>**

  In May 2007, upon Murphy's default of the Mortgage, the Lender commenced a foreclosure action (the "Foreclosure Action") and, on July 30, 2008, a Judgment of Foreclosure and Sale ("JFS") entered. Three months later, on November 12, 2008, the Property was sold at foreclosure sale to the Lender for $1,535,093.76, which exceeded the Mortgage balance ($1,434,219.05 as of January 1, 2008, according to the JFS) and on October 13, 2009 the Lender sold the Property to Luciano. In connection with Luciano's Property purchase, non-party Fidelity

National Title Insurance Company ("FNTIC"), also an independent subsidiary of FNF, issued Luciano a policy of title insurance. In 2010, Murphy joined Luciano as a defendant to the Foreclosure Action and Luciano filed a claim with FNTIC for coverage, which was afforded. After joining Luciano as a party, Murphy filed a motion to vacate the JFS, claiming the foreclosure complaint was improperly served on him. Although the Foreclosure Action court denied Murphy's motion, by decision dated April 29, 2015 the decision was reversed on appeal and the JFS was vacated.

**The 2016 Action**

On July 7, 2016, Murphy filed an action against the Lender and Luciano seeking *inter alia,* damages for wrongful foreclosure and an order vacating Luciano's Property deed (the "2016 Action"). On July 18, 2016, Luciano submitted a claim with non-party FNTIC in connection with Murphy's 2016 Action and, on July 29, 2016, coverage was afforded to him. Two months later, on September 6, 2016, Murphy submitted a claim to Commonwealth for coverage in connection with his 2016 Action, which was denied pursuant to numerous policy exclusions. The 2016 Action court ultimately dismissed Murphy's claims against Luciano, holding that Luciano was a bona fide purchaser, and dismissed most of Murphy's claims, including the wrongful foreclosure claim, against the Lender. Murphy appealed that decision and thereafter, on May 5, 2020, the parties to the 2016 Action entered into a settlement agreement (the "Settlement Agreement") pursuant to which Murphy claims to have received a settlement payment in the amount of $577,963.71 plus the amounts he expended in costs and attorney's fees for the 2016 Action.

**Commencement of the Current Action and Defendants' Motion to Dismiss**

On May 27, 2020, Murphy commenced this action. The Complaint initially stated claims for a declaration of coverage; breach of contract; breach of the covenant of good faith and fair dealing; violations of New York General Business Law ("GBL") § 349 and breach of fiduciary duty. Defendants filed a motion to dismiss the Complaint, which was granted, in part. By oral decision rendered July 28, 2020, this Court dismissed Murphy's contract related claims, expressly holding that, pursuant to three unambiguous policy exclusions. This left two remaining claims – the breach of fiduciary duty claim (against Commonwealth only) and the GBL § 349 claim (against both Defendants.) In support of these remaining claims (both of which we intend to prove are procedurally time barred and substantively baseless), the Complaint alleges "upon information and belief" that Commonwealth and FNTIC are "divisions" of their parent company FNF and that FNF had a "conflict of interest" pursuant to which, to reap some financial benefit, FNF directed Commonwealth to deny Murphy's 2016 Action claim and directed FNTIC to accept Luciano's 2016 Action claim.

**LEGAL ARGUMENT**

**1. Murphy Should be Precluded from Demanding Luciano's Pre-2016 Claim File.**

Although FNTIC is not a party to this action, FNF has the ability to obtain, and has therefore agreed to produce, the non-privileged portions of Luciano's 2016 Action claim file from the inception of that claim through the date of FNTIC's coverage determination. But Murphy is also seeking Luciano's Foreclosure Action claim file, which predates by seven years Murphy's 2016 Action coverage claim and the 2016 coverage determinations upon which Murphy's remaining claims in this case are premised. Murphy's counsel claims to need Luciano's Foreclosure Action claim file to establish that, in connection with the Foreclosure Action, FNF via FNTIC "actively stood in [Murphy's] way defending an opponent," and to assess the propriety of FNTIC's decision to cover Luciano's Foreclosure Action claim vis-à-vis the propriety of Commonwealth's decision to deny Murphy's 2016 claim. In other words,

Murphy is now alleging, in contravention of his Complaint allegations and despite the fact that he did not file a claim in connection with the Foreclosure Action, that FNF via FNTIC engaged in a conflict of interest by affording Luciano Foreclosure Action coverage, simply because Murphy was insured by an FNF subsidiary at the time that coverage was requested. Murphy is further alleging, for the first time, that the propriety of FNTIC's Foreclosure Action coverage claim determination is somehow relevant to a determination of the propriety of Commonwealth's 2016 declination of coverage for the 2016 Action, a different lawsuit. Putting aside the nonsensical nature of these arguments, the fact that FNTIC afforded coverage to Luciano in connection with the Foreclosure Action is undisputed. Further, Murphy can no longer seek discovery for purposes of disputing the propriety of Commonwealth's 2016 determination because this Court has already found that coverage determination to be appropriate, and that finding is the law of this case. For each of these reasons, Luciano's Foreclosure Action claim file has no relevance to the remaining claims in this case, and its' production could only serve the purpose of providing Murphy with sensitive information about his adversary's Foreclosure Action strategy and defenses. Defendants therefore respectfully submit that Murphy's demand for Luciano's Foreclosure Action claim file should be precluded.

## 2. **Murphy Should be Precluded from Demanding "Conflict of Interest" Guidelines.**

Murphy is requesting Defendants' guidelines addressing how they handle "conflicts of interest" between policyholders. But what constitutes a "conflict of interest" is an issue of law for this Court and Murphy's request wrongfully characterizes Defendants' actions as such. Further, FNF is merely a holding company and would have no guidelines, and Commonwealth's claim handling guidelines, which contain sensitive and proprietary information, would have no relevance unless the claim files disclose evidence supporting Murphy's claims of conflict, particularly since this Court has already held that Commonwealth's denial of Murphy's coverage claim was appropriate. Defendants therefore respectfully submit that Murphy's demand for production of "conflict of interest" guidelines should be precluded.

## 3. **Murphy Should be Compelled to Produce Discovery Relating to his Claim of Damages.**

Despite the fact that (1) the JFS, foreclosure sale and subsequent sale to Luciano pursuant to which Murphy was dispossessed from the Property took place years before Murphy submitted his claim to Commonwealth; (2) Murphy litigated his 2016 Action claims against the Lender and Luciano with able counsel (in fact, the same counsel represents Murphy in this action), which is exactly what would have happened if Commonwealth had afforded Murphy coverage; (3) Murphy's mortgage balance in the amount of $1,434,219.05 was fully paid off by the foreclosure sale to the Lender; (4) Murphy received a significant settlement payment from the Lender in the context of the 2016 Action settlement; and (4) it is law of the case that Murphy was not entitled to coverage, Murphy alleges in the Complaint that somehow Defendants' actions caused him actual and consequential damages in the amount of at least $1,687,425.89, and has augmented his claim of damages in his Initial Disclosures to $3,625,389.00. But this damage claim directly contradicts the aforesaid facts which indicate that Murphy in fact suffered no damages whatsoever as a result of Defendants' alleged conduct. Defendants Phase 1 demands seek documents relevant to this critical damage claim issue, including documents and communications concerning (1) the 2016 Action Settlement, including the Settlement Agreement, drafts of that Agreement and documents concerning, itemizing or calculating Murphy's damage claims in that action; (2) monies paid to Murphy in connection with the Foreclosure Action; (3) payments made by Murphy to the Lender from the inception of the Foreclosure Action; (4) supporting and/or calculating Murphy's claim that he incurred actual and consequential damages as a result of Defendants' alleged conduct.

These Phase 1 requests are certainly relevant to this action and the upcoming mediation. But, with the exception of the 2016 Action Stipulation of Settlement[1], Murphy has refused to produce them.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that a protective order issue precluding production of Luciano's pre-2016 Action Claim file and Defendants' purported "conflict of interest" guidelines, and an Order compelling Murphy to produce all documents within his possession or control that are responsive to Defendants' Phase 1 requests.

Respectfully submitted,

FIDELITY NATIONAL LAW GROUP


By: _/s/ Joyce A. Davis_
    Joyce A. Davis (JD-3627)

---

[1] Indeed, Murphy will not even produce communications relating to the settlement or drafts of the Settlement Agreement, arguing they are "inadmissible." But Fed.R.Evid.408 by its terms only applies to preclude the admissibility of settlement evidence offered "on behalf of a party" to the subject litigation. Defendants were not parties to the 2016 Action. Further, Rule 408 applies only to issues of admissibility; it does not apply to requests for discovery. *Small v. Nobel Biocare USA, LLC* (S.D.N.Y 2011) See also *Levick v. Maimonides Medical Center,* 20ll WL 1673782 (E.D.N.Y. 2011).

# CERTIFICATE OF CONFERENCE
(As to Phase 1 Discovery Disputes)

I am an attorney with Fidelity National Law Group, counsel for defendants. I hereby certify that I conferred in good faith with plaintiff's counsel Colin Hagan with respect to the discovery disputes at issue in this letter motion, but was unable to resolve them. I made reasonable efforts to resolve the disputes, including a telephone conference with Mr. Hagan on April 26, 2020; a letter to Mr. Hagan on May 5, 2020, an email to Mr. Hagan on May 7, 2020, and a telephone conference with Mr. Hagan on May 10, 2020. Notwithstanding these efforts, Mr. Hagan insists upon defendants' production of the documents for which defendants' now seek a protective order, and has advised that plaintiff will not produce the documents for which defendants' now seek an order compelling production.


__/s/ Joyce A. Davis_____3627)