FILED
CLERK
8/12/2022 4:11 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

EDWARD MURPHY,

        Plaintiff,

  -against-

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,
FIDELITY NATIONAL FINANCE, INC.,

        Defendants.

----------------------------------------X

**MEMORANDUM AND ORDER**

20-CV-2793 (GRB)(ST)

**GARY R. BROWN, United States District Judge**:

    Plaintiff brings this action against his insurance company Commonwealth Land Title Insurance Company ("Commonwealth") and its affiliate, Fidelity National Financial, Inc. ("FNF"),[1] alleging that they breached their fiduciary duty and engaged in deceptive business practices under New York General Business Law ("GBL") § 349 by funding the defense of an adversary in a state court quiet title action. Defendants now move for summary judgment, arguing that plaintiff fails to set forth a meritorious claim and that his claims are time-barred. For the reasons stated herein, defendants' motion for summary judgment is GRANTED.

    *Facts*

    In June 2002, plaintiff Edward Murphy ("Murphy") purchased a home located at 1492 Millstone Road, Sag Harbor, New York (the "Property"). DE 71-7, R56.1 Counterstatement, ¶ 1. To finance the purchase, Murphy executed a mortgage with Washington Mutual Bank ("WAMU") in the amount $1,496,000.00. *Id.*, ¶ 2. In connection with his purchase of the Property, Commonwealth issued Murphy a title policy, subject to the following exclusions: (1) a provision

---

[1] The Complaint misnames Fidelity National Financial, Inc. as "Fidelity National Finance."

1

which expressly excepts from coverage loss or damage arising "by reason of" the mortgage; (2) an express exclusion applicable to all encumbrances "attaching or created subsequent to Date of Policy [June 4, 2002]," and (3) an exclusion for all matters "created, suffered, assumed or agreed to" by the Insured. *Id.*, ¶ 3.

After Murphy failed to pay his mortgage, WAMU commenced a foreclosure action against Murphy in Suffolk County Supreme Court. *Id.*, ¶¶ 4-5. In August 2008, a foreclosure judgment was entered, and in November 2008 the Property was sold to JPMorgan Chase Bank ("JPMC"), the successor to WAMU. *Id.*, ¶¶ 6-7. Subsequently, in October 2009, JPMC sold the Property to Paul Luciano ("Luciano"). *Id.*, ¶ 9. In conjunction with Luciano's purchase of the Property, Fidelity National Title Insurance Company ("FNTIC") issued Luciano a title insurance policy. *Id.*, ¶ 11. FNTIC and defendant Commonwealth are wholly-owned subsidiaries of defendant FNF. DE 1-1, Compl., ¶ 8. In April 2015, the Second Department, Appellate Division ordered the vacatur of the foreclosure order because service of process had been improperly executed at the Property because Murphy had elected to receive notice at his primary residency in Manhattan. DE 71-7, ¶ 13; *see Washington Mut. Bank v. Murphy*, 127 A.D.3d 1167, 1175, 10 N.Y.S.3d 95 (App. Div. 2d Dep't 2015).

In July 2016, Murphy sued JPMC and Luciano in Suffolk County Supreme Court seeking, *inter alia*, damages for waste, wrongful foreclosure, violations of GBL§ 349, and an order vacating Luciano's deed to the Property (the "2016 Action"). DE 71-7, ¶ 14. That month, Luciano filed a claim with FNTIC, which accepted the claim and afforded coverage for the 2016 Action. *Id.*, ¶¶ 15-16. Subject to a reservation of rights, FNTIC funded Luciano's defense in the 2016 Action. DE 71-8, Decl. of Colin R. Hagan, ¶ 14. In September 2016, Murphy submitted a claim with Commonwealth for coverage in the 2016 Action. DE 71-7, ¶ 17. Murphy's claim was denied.

2

*Id.*, ¶ 19. As the denial letter explained, Commonwealth denied Murphy's claim because the suit arose out of his default on the mortgage in 2007 and, "[a]s such, the matter underlying the Lawsuit did not commence until after the Date of Policy of June 4, 2002, and therefore, attached or were created subsequent to the Date of Policy." DE 71-5 at 7.

Through discovery in the 2016 Action, on February 16, 2017 Murphy obtained a copy of Luciano's FNTIC Title Insurance Policy. DE 71-8, ¶ 5. This was the first time that Murphy became aware that Luciano's insurer was an affiliate of the defendants. *Id.*, ¶ 6. Plaintiff alleges that FNF "pit[] two of its insureds against each other," and, instead of "reconcil[ing] this conflict of interest and their loyalties by defending Mr. Murphy, or by indemnifying him . . . picked winners and losers and engaged in a conflict of interest by defending Mr. Luciano's title and possession against Mr. Murphy's title and right of possession and access." DE 1-1, Compl., ¶¶ 47-48. In February 2019, the Suffolk County Supreme Court dismissed Murphy's claim for wrongful foreclosure and granted Luciano's motion for summary judgment, finding he was a bona fide purchaser. *Edward Murphy v. JPMorgan Chase Bank, et. al.*, Index No. 609995/2016 (N.Y. Sup. Ct. 2016); DE 71-3 at 5.

*Procedural History*

On May 27, 2020, plaintiff filed suit against defendants in Kings County Supreme Court. DE 1-1; *Edward Murphy v. Commonwealth Land Title Insurance Company and Fidelity National Finance, Inc.*, Index No.: 508239/2020 (N.Y. Sup. Ct. 2020). Defendants timely removed the action to federal court on June 23, 2020 on the basis of diversity jurisdiction. *See* DE 1. The Complaint brought claims against Commonwealth for declaratory judgment (Count I), breach of contract (Count II), breach of the covenant of good faith and fair dealing (Count III), violations of GBL § 349 (Count IV), and breach of fiduciary duty (Count V); and against FNF, violations of

GBL § 349 (Count IV) and tortious interference with contract (Count VI).

At a pre-motion conference held on July 28, 2020, the undersigned dismissed Counts I-III and VI because plaintiff failed to state a plausible contract claim. DE 16, Tr. at 25-27. As the undersigned explained, "[W]ith regard to the breach of contract claims, . . . the complaint does not state a plausible claim because of the existence of three exclusions in the policy, any one of which . . . would effectively bar the claims here." Tr. at 25:1-11. As to the GBL § 349 and breach of fiduciary duty claims, however, plaintiff was entitled to discovery. Tr. at 26:1-5.

Defendants now move for summary judgment, arguing that the remaining GBL § 349 and breach of fiduciary duty claims are barred by the statute of limitations and, in any event, plaintiff fails to present a meritorious claim. Plaintiff opposes, and cross-moves for reconsideration of the dismissal of Counts I-III and VI.

*Legal Standards*

This motion for summary judgment is decided under the oft-repeated and well-understood standard for review for these matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein. In sum, the question before the Court is whether, based upon the undisputed or improperly disputed facts, the defendants are entitled to judgment. It is with this standard in mind that the Court turns to the motions at bar.

"A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29, 731 N.E.2d 608, 611 (N.Y. 2000). "Actions brought pursuant to Section 349 must be commenced within three years of the date of accrual." *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474,

4

484 (E.D.N.Y. 2011) (citations omitted). "Accrual occurs when plaintiff is injured by the deceptive act or practice that violated the statute. Such injury occurs when [] all of the factual circumstances necessary to establish a right of action have occurred, so that the plaintiff would be entitled to relief." *Id.* "Accrual is not dependent upon any later date when discovery of the alleged deceptive practice is said to occur." *Id.*; *see also Wender v. Gilberg Agency*, 276 A.D.2d 311, 312, 716 N.Y.S.2d 40, 41–42 (App. Div. 1st Dep't 2000) (discovery rule does not apply to GBL § 349 claim). However, under the "'continuing violation' doctrine . . . a series of continuing wrongs, effectively toll[s] the limitations period until the date of the commission of the last wrongful act." *Harvey v. Metro. Life Ins. Co.*, 21 Misc. 3d 1142(A) (N.Y. Sup. Ct. 2005), *aff'd*, 34 A.D.3d 364, 827 N.Y.S.2d 6 (App. Div. 1st Dep't 2006).

"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Rut v. Young Adult Inst., Inc.*, 74 A.D.3d 776, 777, 901 N.Y.S.2d 715, 717 (N.Y. 2010) (citation omitted). "Normally, insurance companies do not owe a fiduciary duty to their insureds, absent a showing of some special relationship." *Edelman v. O'Toole-Ewald Art Assocs., Inc.*, 28 A.D.3d 250, 251, 814 N.Y.S.2d 98, 98–99 (App. Div. 1st Dep't 2006); *see also Rabouin v. Metro. Life Ins. Co.*, 182 Misc. 2d 632, 634, 699 N.Y.S.2d 655, 657 (N.Y. Sup. Ct. 1999), *aff'd*, 282 A.D.2d 381, 723 N.Y.S.2d 651 (2001). "[T]he choice of the applicable limitations period [for breach of fiduciary duty] depends on the substantive remedy that the plaintiff seeks. Where the remedy sought is purely monetary in nature . . . a three-year limitations period [applies] . . . [but w]here, however, the relief sought is equitable in nature, the six-year limitations period [applies]." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139, 907 N.E.2d 268 (N.Y. 2009) (citations omitted). "Moreover, where an allegation of

5

fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213 (8)." *Id.* The continuing violation doctrine may also apply to breach of fiduciary duty claims. *See, e.g.*, *Henry v. Bank of Am.,* 147 A.D.3d 599, 602 48 N.Y.S.3d 67 (App. Div. 1st Dep't 2017) (no tolling of limitations periods for breach of fiduciary duty claim because "continuing damages, not the wrongs themselves, . . . do not qualify for application of the continuous wrong doctrine").

*Discussion*

1. *GBL § 349*

"It is . . . well-established that when the insurer and the insured have a potential conflict of interest, the duty to defend includes a duty to provide independent defense counsel to the insured, whose reasonable fee is to be paid by the insurer but who is to be appointed by the insured." *Golotrade Shipping & Chartering, Inc. v. Travelers Indem. Co.*, 706 F. Supp. 214, 219 (S.D.N.Y. 1989). In addition, if there exists a conflict of interest between two of an insurer's policyholders in an action – and the insurer has an obligation to provide both with a defense – then the conflict is resolved by providing separate counsel of their choice for each policyholder. *See Goldberg v. Am. Home Assur. Co.*, 80 A.D.2d 409, 412, 439 N.Y.S.2d 2 (App. Div. 1st Dep't 1981) ("retention of separate, independent counsel fulfill[s] defendant's initial obligation to its mutually antagonistic insureds . . . where as here the insured is also asserting an affirmative claim against his codefendants insured by the same insurer"). Failure to advise of a duty to provide an independent defense may give rise to a GBL § 349 claim. *See, e.g.*, *Elacqua v. Physicians' Reciprocal Insurers*, 52 A.D.3d 886, 889, 860 N.Y.S.2d 229 (App. Div. 3d Dep't 2008) (finding a plausible GBL § 349 claim where the insurer failed to inform the insured that they had the right to select independent counsel at defendant's expense because of a potential conflict of interest).

6

As this Court previously ruled, Commonwealth properly denied plaintiff's claim because it fell under three exclusions in plaintiff's title policy. Tr. at 25:1-11. Thus, no conflict of interest necessitating the appointment of independent counsel arose because Commonwealth had no obligation to defend plaintiff in the 2016 Action to begin with. Instead, plaintiff retained his own independent counsel to defend himself in the 2016 Action. *Palmeri v. Willkie Farr & Gallagher LLP*, 156 A.D.3d 564, 565, 69 N.Y.S.3d 267 (App. Div. 1st Dep't 2017), relied upon by plaintiff, is wholly inapposite because it concerns a law firm's duty of loyalty toward its former client when it is representing that client's employer in a manner adverse to the former client's interest. Plaintiff cites no authority holding that the obligations of an attorney toward their former client apply analogously in the insurance context. For these reasons, plaintiff's GBL § 349 claim fails as a matter of law.

*2. Fiduciary Duty*

It is well established that insurance companies normally do not owe a fiduciary duty to their insureds, absent "some special relationship." *Edelman*, 28 A.D.3d at 251; *see also Rabouin*, 182 Misc. 2d at 634. "Although a fiduciary relationship may exist between an insurance company and its insured once the insurer is called upon to provide a defense to its insured in the context of a liability claim, in general, a contract of insurance does not otherwise create a fiduciary relationship between the parties." *Goshen v. Mut. Life Ins. Co. of New York*, No. 600466, 1997 WL 710669, at *8 (N.Y. Sup. Ct. Oct. 21, 1997) (citation omitted), *aff'd*, 259 A.D.2d 360, 684 N.Y.S.2d 791 (App. Div. 1st Dep't 1999), *aff'd as modified sub nom. Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 725 N.E.2d 598 (App. Div. 1st Dep't 1999). Although "[t]he basis for the fiduciary obligation is quite clear in the litigation context . . . [w]hether the recognition of a fiduciary obligation [exists] . . . in other contexts is not eminently clear." *Dornberger v. Metro.*

*Life Ins. Co.*, 961 F. Supp. 506, 546 (S.D.N.Y. 1997). "[U]nder the right circumstances, the relationship between insurer and insured may be imbued with elements of trust and confidence which render the relationship more than a mere arm's-length association." *Id.* In *Dornberger*, for example, the court found a plausible fiduciary duty claim where plaintiffs alleged that an American insurance company sought out American customers in Europe although it knew its policies were illegal under European law. *Id.* at 514.

Plaintiff has failed to allege any facts giving rise to a "special relationship" between Commonwealth and Murphy. As the Complaint alleges, "[a]n insurance company owes fiduciary duties to its policyholders *when the insurance company is called upon to defend the insured*." Compl., ¶ 83 (emphasis added). As this Court has already ruled, Commonwealth properly denied plaintiff's claim because it fell under three exclusions in plaintiff's title policy. Tr. at 25:1-11. Because Commonwealth properly denied plaintiff's claim, it had no obligation to defend plaintiff in the 2016 Action, and thus it had no fiduciary duty toward plaintiff on that basis. *See Goshen*, 1997 WL 710669, at *8. Plaintiff has failed to cite, and this Court has failed to locate, any New York law suggesting that an insurer has an obligation to not defend an insured's proper claim where the opposing insured party lacks a proper claim. Because Commonwealth had no obligation to defend plaintiff in the 2016 Action and plaintiff fails to allege any special circumstances giving rise to a relationship of trust and confidence between the parties, plaintiff's breach of fiduciary duty claim fails as a matter of law.

For these reasons, the Court finds that, even after drawing all reasonable inferences in the light most favorable to the non-moving party, defendants are entitled to summary judgment as a matter of law on the GBL § 349 and fiduciary duty claims.

*Motion for Reconsideration*

In opposition to defendants' motion for summary judgment, plaintiff purports to make a renewed[2] cross-motion for reconsideration of this Court's dismissal of the contract-based claims, Counts I-III and VI. *See* DE 71-6 at 16-23. Plaintiff's motion for reconsideration is procedurally and substantively improper on numerous grounds. First, Local Civil Rule 7.1(a) requires that all motions include "(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion[.]" Second, under Local Civil Rule 6.3 "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Here, plaintiff never filed a notice of motion and, moreover, filed his motion for reconsideration in January of 2022 – well over a year after the Court dismissed the underlying claims in July 2020. *See* DEs 16, 71-6. Moreover, plaintiff's motion for reconsideration must be denied because he has failed to identify any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790). Thus, plaintiff's motion for reconsideration of the Court's dismissal of Counts I-III and VI is denied.

---

[2] This Court already denied plaintiff's initial motion for reconsideration last year. *See* Electronic Order dated 03/18/2021.

*Conclusion*

For the reasons stated herein, defendants' motion for summary judgment is GRANTED in its entirety.  The Clerk of Court is directed to enter judgment and close the case.

Dated: Central Islip, New York
       August 12, 2022

      /s/ Gary R. Brown_____
Gary R. Brown
United States District Judge